KNIGHT et ux. v. PACIFIC COAST STAGE CO.

No. 19,228; December 2, 1893.

34 Pac. 868.

Carrier—Upsetting of Stage.—In an Action by a Passenger against a stage company for personal injuries received from the upsetting of a stage in coming down a mountain road, it appeared that one of the horses had been inclined to run away; that the road was muddy and slippery; that the horses were going at "a slow jog," when they were frightened by a landslide; that they ran one hundred yards before the driver regained control; that flying mud and slush made it hard for the driver to see, and tended to frighten the horses; and that the horses were going in a trot, when they were so frightened by another slide that the driver lost control, and they ran away and upset the stage. Held, that there was evidence for the jury as to whether defendant failed to provide suitable horses and driver.

Carrier—Upsetting of Stage.—Where the Only Issues were as to the suitableness of the horses and driver, the court properly refused to instruct concerning latent defects in the stage and concerning the duty of the injured party to exercise proper care in endeavoring to recover from the injury.[1]

APPEAL from Superior Court, San Luis Obispo County; V. A. Gregg, Judge.

Action by William G. Knight and wife against the Pacific Coast Stage Company for personal injuries to the wife. From a judgment entered on a verdict for plaintiffs and from an order denying a new trial, defendant appeals. Affirmed.

Graves & Graves for appellant; Wilcoxon & Bouldin and J. M. Wilcoxon for respondents.

HARRISON, J.—The plaintiffs were being carried as passengers in one of the coaches of the defendant on the night of

---

[1] Cited with approval in Cutler v. Pittsburg Silver Peak Gold Min. Co. (Nev.), 116 Pac. 423, where the court says: "Where instructions are framed without reference to the issues on the evidence, and erroneous under the facts of the case, they should not be given; and if given, and they prejudice the rights of the defendant, it is reversible error."

December 30, 1891, from Santa Margarita to San Luis Obispo; and, while going down the slope of the mountain toward the latter place, and about three miles therefrom, the coach was upset and Mrs. Knight sustained serious injuries, for which this action was brought. The jury rendered a verdict in favor of the plaintiffs for the sum of $1,000, and from the judgment entered thereon and an order denying a new trial, the defendants have appealed.

It was shown at the trial that it had rained very hard on the previous night, and that on the night in question the road was muddy and slippery; that after reaching the top of the mountain, and while going down, after turning a certain bend in the road, the horses attached to the coach were frightened by a slide of rocks and earth and ran about one hundred yards before they were got under control, and were then driven along until they were frightened by another slide, after which the driver lost all control of them, and, after running about three-quarters of a mile, the coach was upset. It is contended by the appellant that the evidence in the case failed to show any negligence on its part, for the reason that the accident was the result of a casualty which could not have been foreseen or guarded against, and that for this reason the verdict should have been in its favor. There was, however, evidence before the jury tending to show that one of the horses attached to the coach had been inclined to run away; and, although the bill of exceptions does not show the speed at which the horses were driven down the mountain, the driver testified that from the top of the mountain down to the bend where the first slide was encountered he was going at a "slow jog," and that, after their first fright, they ran about one hundred yards, when he got them under control, so that they went in a trot. He also testified that the road was slushy and wet, and that mud was flying, so that he could hardly see anything, and that this would have a tendency to scare the horses. The court instructed the jury very fully upon the propositions of law involved in the case, and left to them to determine whether the injury to the plaintiff was caused through any negligence of the defendant or was the result of an unavoidable accident. Under the circumstances attendant upon the passage down the mountain it was incumbent upon the driver to exercise more than ordinary care, and we cannot say that there was no evidence before the jury in support of the plaintiffs' claim that

the defendant was negligent in providing suitable horses or in the manner in which they were driven.

The court did not err in refusing to instruct the jury that the defendant was not liable for any latent defect in its coach which could not be discovered by the most careful examination or by any known test. There was no issue of this nature in the case. The charge of negligence against the defendant in the complaint is in its failure to provide a suitable driver and suitable horses for said coach, and there had been no evidence introduced respecting the insufficiency of the coach. For a similar reason the court did not err in refusing to instruct the jury respecting the duty of Mrs. Knight to exercise proper care in endeavoring to recover from the accident. No evidence was before the jury tending to show that she had in any particular failed in this respect. The judgment and order are affirmed.

We concur: Garoutte, J.; Paterson, J.